BELL, J.
dissenting.
While I personally prefer the policy-based interpretation advanced by Judge Sharp, and now the majority, I believe the plain language of the statute leads to the conclusion reached by Justice Cantero. Absent an argument that this “plain language” reading of the statute somehow leads to an absurd result contrary to legislative intent, we are limited to that conclusion. This is especially true in a case like this where even the majority acknowledges that we do not really know what the Legislature intended in regard to the question posed. See majority op. at 1278 note 2.
As Justice Cantero explains, the plain language of sections 938.08 and 938.085, Florida Statutes (2001, 2003), should lead us to answer “yes” to the certified question. Neither section 938.083 nor section 938.085 exempts juvenile delinquencies from the convictions triggering the mandatory fines imposed in these statutes. The Legislature mandated that section 938.08, *1294 Florida Statutes (2005), apply “[i]n addition to any sanction imposed for a violation of [the listed statutes]” and that section 938.085, Florida Statutes (2005), apply “in addition to any sanction imposed when a person pleads guilty or nolo contendere, or is found guilty of, regardless of adjudication a violation of [the listed statutes.]” (Emphasis added.) While I agree with the majority’s argument that “the two penal systems for handling adults and juveniles are so different and guided by different philosophies and goals,” I cannot overlook the fact that the Legislature knew these differences when it wrote these statutes, yet chose language encompassing both systems.
Therefore, I join Justice Cantero in his dissent and encourage the Legislature to clarify its intent on this significant issue.